FILED

2014 Feb-28  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY NELSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 14-AR-0112-S |
| | } | |
| NORTHLAND INSURANCE COMPANY, | } | |
| | } | |
| Garnishee. | } | |

**MEMORANDUM OPINION AND ORDER**

More than eleven years ago, plaintiff, Henry Nelson
(hereinafter "Nelson"), obtained a money judgment against National
Financial Systems. Inc. from the Circuit Court of Jefferson County,
Alabama (hereinafter "Circuit Court"). On or about September 12,
2013, in an effort to collect said judgment, plus accrued interest,
Nelson obtained from the Circuit Court a writ of garnishment
against the above-named garnishee, Northland Insurance Company
(hereinafter "Northland"), in the amount of $174,583. On the same
date, the writ, addressed to "Northland Insurance Company, One
Tower Square, Mail Code MNO4A, Hartford, CT 06183-3004", was mailed
by certified mail, return receipt requested, and in due course
arrived at Northland. Receipt of the writ was acknowledged by a
person signing his name "Jeremiah Lewis". The signature of Mr.
Lewis is clear and strong. He also identified himself with printed
block letters spelling his name. The duties and responsibilities
of Mr. Lewis for Northland have not been described. Instead, the
motion now before this court in which Northland seeks to quash the

said writ contains as an attachment the affidavit of John Taft, a "Senior Technical Specialist", swearing that "Jeremiah Lewis has never been an agent authorized by appointment or by law to receive service of process for Northland **in the state of Alabama**". (emphasis added).   Glaringly conspicuous by its absence is any assertion or proof by Northland that Mr. Lewis was "not authorized by appointment or by law to receive service of process for Northland **in the state of Connecticut**".   For aught appearing in the record before this court, Mr. Lewis was Northland's vice president in charge of receiving legal process on behalf of the corporation at its home office in Hartford and/or that Mr. Lewis had receipted for certified legal mail a thousand times before this event without his authority to do so being questioned.

Northland's present motion reached this court through the following series of events.   On November 20, 2013, after the Circuit Court had received no response to its writ of garnishment, Nelson filed a motion with the Circuit Court for a conditional judgment.   The motion contained a certification that it had been mailed by certified mail to Northland using the same address used in the mailing of the writ of garnishment.   Whether this motion for conditional judgment was actually received by someone at Northland does not appear in the record.

As expressly mandated by 28 U.S.C. § 1446(a) a notice of removal must contain the complete record of the filings and actions

2

that occurred in the state court as they bear on the removing party. Northland filed its notice of removal on January 17, 2014. A procedural deficiency in the removal notice will be discussed *infra.* In neither its said notice of removal, nor in its motion to quash, does Northland deny that someone at Northland received a copy of Nelson's motion for a conditional judgment and/or a copy of the conditional judgment thereafter entered by the Circuit Court. On December 19, 2013, because Northland had not responded to the motion for conditional judgment, Judge Blankenship of the Circuit Court entered a conditional judgment in the amount of $174,583, and ordered Northland to show cause within 30 days why the conditional judgment should not be made final. The notice of removal does not contain a copy of the "Notice of Court Action" that was executed and entered by the Circuit Court on December 19, 2013, and that stated a copy of the conditional judgment was being transmitted to Northland by regular United States mail using its Hartford address. This court has obtained from the Clerk of the Circuit Court a copy of the said "Notice of Court Action". It is attached hereto as EXHIBIT "A". This constitutes proof satisfactory to this court that the notice of the entry of the conditional judgment was forwarded by the Clerk of the Circuit Court by United States mail to Northland, appropriately designated by the Circuit Court as a "*pro se*" party, and using the same Hartford address that had been used in the earlier mailings. The invariable procedure in the

3

Circuit Court was and is to notify unrepresented parties of any court action by regular United States mail.  Regular United States mail is, by law, presumed to have been received by the addressee unless the United States Postal Service returns the mail to the sender as undeliverable.  The Circuit Court's notice of December 19, 2013, was not returned as undeliverable.  If the Circuit Court, subsequent to the removal, received any response from Northland to its show cause order, 28 U.S.C. § 1446(a) does not require that it be included in the notice of removal.  The Circuit Court's action of December 19, 2013, however, was a matter of record in the Circuit Court when the notice of removal was filed.  Its absence from the notice of removal was a fatal procedural defect.  If Nelson had timely moved for a remand because the record notice of December 19, 2013, was not included as required by 28 U.S.C. § 1446(a), the garnishment proceeding would have been remanded.  However, with no motion to remand having been filed, the said procedural defect has been waived.

In its notice of removal, Northland avers that it first **"became aware of"** (emphasis added) the garnishment proceeding on January 6, 2014.  It fails to inform the court **how** it "became aware".  In whose head and under what circumstances did the light bulb begin to shine at Northland?  In any event, Northland did not respond to the Circuit Court's show cause order, except by removing the proceeding to this court and filing its motion to quash in this

4

court.   Using January 6, 2014, its day of enlightenment as the trigger for the 30-day period for a removal, Northland removed the garnishment proceeding to this court on January 17, 2014.   This removal carried with it the Circuit Court's conditional judgment, including the show cause order.   Northland is now asking this court to avoid a facially valid order of a state court and to quash the state court's previously issued writ of garnishment.

Northland points out that the writ of garnishment could have been properly served by mailing it c/o CSC Lawyers Incorporation Services, Inc., Northland's registered agent for service in Alabama, but that method for perfecting service is not the only method for perfecting service of process issued by an Alabama court on a foreign corporation.   Rule 4(c)(6) and Rule 4(i)(2)(C), Alabama Rules of Civil Procedure, set forth the procedure for obtaining service issued by an Alabama court upon a foreign corporation using certified mail.   *Inter alia*, Rule 4(c)(6) recognizes effective service on a corporation if it is received by "an agent authorized **by appointment** or **by law** to receive service of process". (emphasis added).   The rule does not delineate the "law" as the law of the location where the receipt occurs, or the law of Alabama, the state from which the process emanates.   Neither does it describe how a corporation goes about "appointing" a particular person to receive service of process for it.   There is no need to cite authority for the well understood proposition that the

5

appointment of an agent can be effectuated by pattern or practice. Such an appointment, as a matter of "law" in Alabama, can be accomplished by applying the concepts of estoppel and apparent or ostensible authority to the raw facts. Research into the law of Alabama does not reveal any statutory "law" that sets forth a particular internal corporate procedure for appointing an agent to qualify him or her to accept service. Such an appointment certainly does not require a formal resolution by the Board of Directors. There is no evidence in this record revealing Northland's pattern or practice with respect to the handling of legal mail by Mr. Lewis. Northland makes no mention of **any** employee who, as a matter of "law" or "appointment", was authorized to receive legal process. Neither is there any evidence that there was, in fact, some human being other than an officer who met the description in Rule 4(c)(6), and/or evidence showing how Northland went about appointing him or her.

Rule 4(i)(2)(C) defines "agent" as "a person or entity specifically authorized by the addressee to receive addressee's mail and to deliver that mail to the addressee". Whether Mr. Lewis met this definition when he receipted for the writ in question cannot be ascertained from the record, that is, unless by indulging the presumption indulged by Judge Blankenship when he entered the conditional judgment.

A pregnant sentence in Rule 4(i)(2)(C) reads:

6

> Such agent's authority shall be conclusively established
> when the court determines that the evidence proves the
> addressee did actually receive the summons and complaint
> in time to avoid a default.

This language furnishes a basis for an after-the-fact finding of authority by the "actually receiving" person if his or her employer "actually received" the certified legal mail in time to react to it appropriately.  But, what do the words "actually received" mean?  Does the answer to this question require a finding of fact or a finding of law or a little of both?  The above-quoted sentence implies a need for an evidentiary hearing if there are legitimate questions about the agent's authority and/or about whether and when the process was "actual received".  This court notes that the words "summons and complaint" in Rule 4(i)(2)(C) do not fit the scenario *sub judice*, which does not involve a summons and complaint.  The court will assume, however, that the writ of garnishment in this case qualifies as a "summons and complaint" for the purposes of Rule 4.

In this case, Northland denies that it "actually received" the garnishment writ until January 6, 2014, after the conditional judgment had been entered.  It does acknowledge, however, as it must, that it did "actually receive" the conditional judgment itself, or, even if by some undisclosed means, on January 6, 2014.

During the oral argument conducted on February 5, 2014, Northland bravely argued that service of legal process from an Alabama court on a foreign corporation cannot be accomplished

unless by an agent registered in Alabama, without that service being specifically directed to, and received by, some named human being who has been expressly authorized by the corporation to receive service of legal process on its behalf.   Rule 4, Fed.R.Civ.P., is virtually identical to Rule 4, Ala.R.Civ.P., with respect to this critical language.   It would take a lengthy and expensive search to ascertain whether any process has ever been issued from an Alabama court, or from a federal court in Alabama, directed to a foreign corporation such as Northland, and addressed in the following strained and stilted manner:

> John Doe, the expressly
> authorized agent of
> Northland Insurance Company
> for the receipt of legal process
> on its behalf
> One Town Square, Mail Code MNO4A
> Hartford, CT 06183-3004

Of course, if the particular writ of garnishment here under review had been addressed in such an unusual manner, Northland could later assert that Mr. Doe was not authorized by "law" or by "appointment" to receive process, and/or that Northland itself was not even the **addressee**, as it would have been if it had been addressed c/o its registered agent in Alabama.   In either event, Northland arguably could ignore the writ with impunity, that is, if the writ was not somehow otherwise "actually received", whatever "actually received" means.

When the receipt for certified mail addressed to Northland at

its principal place of business, was returned to the Circuit Court showing the signature of the human being who actually received it at Northland's business address, the Circuit Court did not pause to conduct an investigation into Mr. Lewis's authority. Such an investigation of a signatory's authority before the issuing court can proceed with the litigation before it was certainly never contemplated by the drafters of Rule 4.

From a consideration of the entire record before this court, all of which, except for EXHIBIT "A", was furnished by Northland, there is no proof that Mr. Lewis was, in truth, not authorized **by law** and/or **by appointment** to receive process on behalf of Northland in Connecticut. If Mr. Lewis was in fact or by law so authorized, Northland was, of course, effectively served, whether or not Mr. Lewis "actually" delivered the writ into the hands of Northland's general counsel or other corporate personage responsible for responding to it. While Rule 4 is a rule calling for strict enforcement, it was not designed to make it virtually impossible for an Alabama litigant to perfect service on a foreign corporation at that corporation's home office. If Rule 4 is to be interpreted as Northland would interpret it, Alabama's poor litigants will face carefully erected stumbling blocks in futile attempts to serve process on a foreign corporation, that is, unless the corporation has a statutory agent in Alabama. Rule 4 was not designed to punish Alabama litigants in order to guarantee "due process" to

foreign corporations.

Northland argues that simply because it is challenging the effectiveness of the service, Nelson has the burden of proving that the service was effective.  Northland would be correct but for the fact that Judge Blankenship entered a conditional judgment based on the presumption that the service of the writ was valid.  In his conditional judgment order, he called upon Northland to show cause, if it could do so, why the conditional judgment should not be made final.  This order to show cause had the effect of shifting the burden to Northland, or putting the ball in its court.  It was thereupon called upon to prove that the service on it was **not** effective.  It has not done so.  And, even if the burden were still on Nelson to prove effective service, that burden has been met based on the entire record and reasonable inferences therefrom..

When the garnishment proceeding was removed to this court, this court inherited both the conditional judgment and the show cause order.  It thereby inherited the duties that flow from the state court's actions.  This court can, of course, waive or extend the 30-day time limit imposed by Judge Blankenship for showing good cause.  This is only fair under these unique circumstances.  Accordingly, this court treats the motion to quash as a timely response to the show cause order.

Hypothetically, a truthful response to the show cause order might have read something like this:

The only person authorized by Northland in December, 2013, and January, 2014, to receive legal process for Northland at its home office in Hartford, Connecticut was John Doe.  Mr. Doe received his said authorization in the following manner: [description in detail].  Northland has never in its history allowed an employee other than its president to execute receipts for certified legal mail addressed to Northland at its home office.  Jeremiah Lewis was never so authorized and never purported to act in such manner until he, without authority, purportedly receipted for the writ of garnishment here under review. The notice that a conditional judgment had been entered against Northland was received by regular United States Mail some time between December 20, 2013, and January 6, 2014, but was not recognized as an order requiring any action by Northland until it was recognized as such by [name and office] on January 6, 2014.  Where the conditional order physically reposed between its receipt and January 6, 2014, is still a matter under investigation.

Because corporations cannot think or act except through human instrumentalities, the concept of "actual receipt" may very well require a fact finder to decide on oral testimony whether, for instance, a paper placed on the desk of the president of a corporation constitutes "actual receipt" by the corporation, even if the president is out-of-town on an extended vacation when the paper is placed on his desk.

There is another interesting feature to Northland's response to Judge Blankenship's show cause order now being considered by this court in the form of Northland's motion to quash.   In an early paragraph of its last brief filed in response to Nelson's brief, Northland argues:

Plaintiff did not address the Writ of Garnishment to any particular person or **department** within Northland, but simply addressed it generally to "Northland Insurance

11

Co."

(emphasis added).

By this language, Northland seems to suggest that if the writ had been addressed to a particular "department" in Northland (for instance, the legal department?), the service would have been good. How so, in light of Northland's argument that the process must be directed to some properly authorized human being **by name**?

### CONCLUSION

Based upon what the court has before it, the court finds that Northland has failed to show good cause why the conditional judgment of December 19, 2013, should not be made final. Accordingly, its motion to quash is DENIED. A final judgment in the amount of the conditional judgment will be entered unless **by 4:30 p.m., March 10, 2014,** Northland files a formal answer to the writ of garnishment denying that, as of December 19, 2013, it owed National Finance Systems, Inc., any money or a sum less than the amount of the conditional judgment.

DONE this 28th day of February, 2014.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

12